**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHARISSE WILLIAMS )<br>16 Manchester Place, #303 )<br>Silver Spring, MD 20901 )<br>       Plaintiff )<br> )<br>v. )<br> ) CASE NO: _____<br> )<br>DAVID EISNER, )<br>CHIEF EXECUTIVE OFFICER )<br>CORPORATION FOR NATIONAL AND )<br>COMMUNITY SERVICE )<br> )<br>1201 New York Avenue, NW )<br>Suite 10800 )<br>Washington, D.C. 20525 )<br>       Defendants ) | Case: 1:08-cv-00847<br>Assigned To : Urbina, Ricardo M.<br>Assign. Date : 5/15/2008<br>Description: Employ. Discrim. |

FILED / RECEIVED MAY 15 2008, Clerk, U.S. District and Bankruptcy Courts

JURY ACTION

## COMPLAINT

(Hostile Work Environment, Employment retaliation, and wrongful termination)

### JURY TRIAL DEMAND

Plaintiff Charisse Williams by and through her counsel hereby files this Complaint against Defendants Corporation for National and Community Service and David Eisner, Chief Executive Officer for Corporation for National and Community Service and David Eisner for hostile work environment, employment retaliation and wrongful termination in violation of Title VII of the Federal Civil Rights Act and states as follows:

1

**PARTIES**

1. Plaintiff Charisse Williams is a former Program Officer with the Americorps, a sister agency within the Corporation for National and Community Service (CNCS).

2. Plaintiff was employed with CNCS from January 2005 until Defendant terminated her employment on or around September 1, 2006.

3. Defendant David Eisner is the Chief Executive Officer for CNCS.

4. Defendant Corporation for National and Community Service (CNCS) is a federal agency that was created by the National and Community Service Trust Act of 1993. Defendant CNCS is an employer as defined in 42 U.S.C. §2000e (b) and 29 U.S.C. §630(b).

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 29 C. F. R. § 1614.110(b). Plaintiff received Defendant's Final Decision on February 16, 2008.

6. Venue is proper in this judicial district and this Division pursuant to 28 U.S.C. §1391 because Defendant's headquarters is located in Washington, D.C., and the acts and omissions of Defendant alleged below were committed within Washington, District of Columbia and within the geographical limits of the District of Columbia Division of this Court. Also, Plaintiff's work site with Defendant was located in Washington, D.C.

**ALLEGATIONS OF FACT COMMON TO ALL CLAIMS**

7. Defendant David Eisner is the Chief Executive Officer for CNCS and his current place of employment is located at 1201 New York Avenue, NW, Washington, D.C. 20525.

Service of process can be made by serving CNCS General Counsel at 1201 New York Avenue, NW, Suite 106101, Washington, D.C. 20525.

8. Plaintiff (African American ) begun her employment as a Program Officer with Defendant in January 2005 and was required to perform a two(2) year probationary period. Plaintiff immediately became a member of the local Union upon her employment. Defendant terminated her employment on or around September 1, 2006. Plaintiff's supervisor was Lois Nembhard, Defendant's Deputy Director. Plaintiff was the only African American female on Ms. Nembhard's team.

9. Ms. Nembhard rated Plaintiff's one year performance as satisfactory and the comments on the evaluation indicated that Plaintiff was on target with her goals and performance duties and responsibilities. Plaintiffs first year performance rating covered the period of October 1, 2004 through September 30, 2005.

10. On or around January 2006, Ms. Nembhard directed Plaintiff to not only perform her caseload but also the caseload of another program officer who was on sick leave. Ms. Nembhard did not offer Plaintiff any assistance in completing the additional program officer's tasks and responsibilities. Also, beginning in January 2006, Plaintiff realized that it became increasingly difficult to communicate with Ms. Nembhard.

11. Also beginning in January 2006, Plaintiff observed that Ms. Nembhard exhibited a very hostile attitude toward her and other staff. However, Ms. Nembhard exhibited a more pleasant demeanor to two other program officers who were females and Causasian.

12. During meetings, Ms. Nembhard refused to acknowledge any comments or questions from Plaintiff and often displayed a combative and mean spirited attitude toward Plaintiff during

the staff meetings. Ms. Nembhard often failed to correspond to any of Plaintiff's telephone calls, messages or emails. Ms. Nembhard would often fail to acknowledge that Plaintiff was in her presence even though Plaintiff's work site was very close to Ms. Nembhard's office.

13. Plaintiff discussed Ms. Nembhard's attitude with other co-workers and their assessment of Ms. Nembhard was similar to Plaintiff. Plaintiff and her co-workers agreed that it appeared that Ms. Nembhard simply failed to understand that her bad management style was causing low morale among the entire staff or simply did not care or appreciate the effect on her staff.

14. Plaintiff at first attempted to ignore the hostility that Ms. Nembhard displayed toward her but then she begun to realize that the hostility was interfering with her job duties and responsibilities.

15. Plaintiff further realized that Ms. Nembhard's failure to communicate or provide her with guidance or direction became an hinderance to her in completing the job duties of two program officers.

16. On or around the latter part of January 2006 Plaintiff meet with Defendant's ADR and discussed Ms. Nembhard's hostile and harassing behavior. Plaintiff stated that other co-workers had the same problems with Ms. Nembhard and also felt that Ms. Nembhard 's management skills were horrible. Plaintiff stated that Ms. Nembhard's management style was harassing and created an unpleasant and hostile work environment for her and several of her co-workers.

17. Plaintiff further discussed with Defendant's Alternative Dispute Resolution team (ADR) that Ms. Nembhard show preferential treatment to two of her co-workers that were

female and Causasian and Nembhard often treated Plaintiff and other co-workers like they did not exist or had little regard for their desire to perform well. Also, Ms. Nembhard displayed a dislike and contempt for employees who was absent due to illness or need accommodations for a disability.

18. The ADR team suggested that a meeting with the entire staff and Ms. Nembhard could be helpful. Plaintiff agreed with this plan as long as her name was not mentioned to Ms. Nembhard as the one who initiated the contact with the ADR team. ADR also indicated that it would circulate questionnaires to the staff to assess the overall working environment.

19. Thereafter, ADR contacted the entire staff but kept Plaintiff's identity confidential. The staff provided ADR with the same assessment of Ms. Nembhard's management style that Plaintiff had provided. Thus, based upon the overall staff's assessments, ADR contacted Ms. Nembhard to schedule a group facilitation meeting.

20. ADR requested Ms. Nembhard to schedule the group facilitation meeting. However, Ms. Nembhard failed to set up the meeting

21. Plaintiff continued to keep ADR informed of Ms. Nembhard's behavior and ineffective management styles. The negative environment begun to take a toll on Plaintiff and she started developing migraine headaches and constant stomach pains.

22. Finally, ADR persuaded Plaintiff to have a one on one facilitation with Ms. Nembhard. Plaintiff on several occasions refused this arrangement because she feared that Ms. Nembhard's hostility would increase. However, Plaintiff finally agreed to the ADR facilitiation.

23. The ADR facilitation between Plaintiff and Ms. Nembhard occurred on or around the second week in March 2006. Both Plaintiff and Ms. Nembhard signed a non-retaliation

agreement prior to the facilitation. During the facilitation, Plaintiff gave concrete examples of Nembhard's lack of management or guidance and lack of communication with the staff that included describing Nembhard's management style as cold, demeaning, and abrasive.

24. Also, during the March 2006 facilitiation, Plaintiff suggested that Nembhard attend a sensitivity and management skills class. Nembhard resisted everything that Plaintiff and the ADR suggested and stated to Plaintiff that she was the problem and if there was low morale among the staff then Plaintiff created it.

25. Thus, the ADR session was not effective and there was no settlement or agreement. ADR stated that it was very sorry that Plaintiff and Nembhard could not reach any common grounds. Plaintiff was very upset and shaken and believe that because Nembhard reacted negative throughout the entire session that her work environment would not get better but worse.

26. Plaintiff believes that Defendant knew that Nembhard was in need of management training and referred Nembhard to a management training program. Plaintiff further believes that Nembhard attended a training program for approximately three weeks since Nembhard was absence from the office from the middle part of March 2006 until the first week in April 2006.

27. On or about the second week in April 2006, Plaintiff was ordered to report to Defendant's Human Resource Office for a personnel meeting. During this meeting, Nembhard delivered Plaintiff's mid-term performance evaluation. The mid-year performance evaluation stated that Plaintiff's performance was unsatisfactory.

28. Plaintiff reviewed the mid-year performance and immediately saw that at least 90% of the information was false. However, Plaintiff was afraid to object to the evaluation because she feared that Nembhard might cause additional problems for her.

I, <u>Charisse Williams</u> acknowledge that the above information is correct and true to the best of my knowledge and information.

_____  
Charisse Williams

5/15/08  
Date

Respectfully submitted,

_____  
L. Saundra White  
Federal Bar # MD012370  
3540 Crain Highway, #107  
Bowie, MD 20716  
(301) 574-3547  
(240) 455-6491 (Fax)  
Email: WhiteLegalGrp@aol.com

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Charisse Williams
16 Manchester Place, #303, Silver Spring, MD 20901

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Montgomery
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
~~[redacted]~~
David Eisner, Chief Executive Officer ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Washington, D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
L. Saundra White
3540 Crain Highway, #107
Bowie, MD 20716
(301) 574-3547

Case: 1:08-cv-00847
Assigned To : Urbina, Ricardo M
Assign. Date : 5/15/2008
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊗ 3 Federal Question (U.S. Government Not a Party)
- ⊗ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL [PARTIES]
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ⦿ 4 |
| Citizen of Another State | ⦿ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one in a corresponding Nature of Suit**)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

NOT USA
NOT USAG

| ○ G. *Habeas Corpus/* 2255 | ☒ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ☒ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
hostile work environment, retaliation and wrongful termination   42 USC 2000(e)

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ $350,000.00   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 05/15/2008   SIGNATURE OF ATTORNEY OF RECORD   /s/ Daurtha White

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.